**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**APRIL SESSION, 1997**

**FILED**

July 11, 1997

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9604-CC-00169** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **CHEATHAM COUNTY** |
| **VS.** | ) | |
| | ) | **HON. ROBERT E. BURCH** |
| **LUTCHER O. MILES and** | ) | **JUDGE** |
| **AMBER DAWN MILES,** | ) | |
| | ) | |
| Appellants. | ) | (Sentencing**)** |

**ON APPEAL FROM THE JUDGMENT OF THE
CIRCUIT COURT OF CHEATHAM COUNTY**

FOR THE APPELLANT:

LIONEL R. BARRETT, JR.
Washington Square Two-Suite 417
222 Second Avenue, North
Nashville, TN 37201

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

DAN ALSOBROOKS
District Attorney General

JAMES W. KIRBY
Assistant District Attorney General
105 Sycamore Street
Ashland City, TN 37015

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# <u>OPINION</u>

This is an appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Pursuant to a plea agreement, each Defendant entered pleas of guilty to six counts of selling various drugs. The plea agreement for each Defendant called for an effective sentence of eight years in the Department of Correction, with the manner of service of the sentence left to the discretion of the trial court. The trial court ordered that each Defendant would serve one year in the county workhouse, with the balance of the sentence to be served in the community corrections program. On appeal, each Defendant argues that the trial court erred in ordering that one year of the sentence be served in confinement. We affirm the judgment of the trial court.

The Defendants were jointly indicted for six counts of conspiring to sell and selling cocaine, LSD and marijuana. Each Defendant was convicted on a plea of guilty of one count of Class B felony sale of cocaine, two counts of Class B felony sale of LSD, one count of Class C felony sale of cocaine, and two counts of Class E felony sale of marijuana. Each Defendant received concurrent sentences of eight years for each Class B felony conviction, four years for each Class C felony conviction and one year for each Class E felony conviction. Also, each Defendant was fined a total of $9,500. After conducting a sentencing hearing, the trial judge ordered each Defendant to serve one year in the county workhouse with the balance of the sentence to be served in community corrections. Both Defendants were determined to be immediately eligible for work release. On appeal, each Defendant argues that the trial court erred or

abused his discretion in ordering one year of the sentence to be served in confinement.

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the Defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principals set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A Defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6); see State v. Davis, 940 S.W.2d 558, 560 (Tenn. 1997). Our sentencing law also provides that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation, shall be given first priority regarding sentences involving incarceration." Tenn. Code Ann. § 40-35-102(5). Thus, a Defendant sentenced to eight years or less who is not an offender for whom incarceration is a priority is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. However, the act does not provide that all offenders who meet the criteria are entitled to such relief; rather, it requires that sentencing issues be determined by the facts and circumstances presented in each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Tenn. Code Ann. § 40-35-103(3)-(4). The Court should also consider the potential for rehabilitation or treatment of the Defendant in determining the sentence alternative. Tenn. Code Ann. § 40-35-103(5).

The basic facts as gleaned from the sentencing hearing are that the Defendant Amber Dawn Miles was employed at a pet store. Each of her drug convictions and each conviction of her husband, Lutcher O. Miles, were the result

-4-

of controlled sales of drugs made by the Defendants to Ms. Miles' supervisor at the pet store, who was serving as an undercover informant for local law enforcement authorities. Amber Dawn Miles testified that her supervisor, the informant, pressured her into obtaining the drugs for him and in exchange, promised her additional working hours at the store. She and her husband testified that these were the only drug sales they had ever made and that neither of them profited from the sales but rather were doing them as a favor for Ms. Miles' supervisor at the pet store. The various sales took place during an approximate six week period of time.

The presentence report reflects that Lutcher Miles was twenty-two years old, dropped out of school in the ninth grade, and later earned his GED. His employment history was apparently good and he had no prior criminal record of convictions, although he reported that he had been a user of marijuana.

The presentence reports reflects that Amber Dawn Miles was twenty-one years old, dropped out of school in the eleventh grade, and later earned her GED. Her employment record was apparently good. She had been arrested on more than one occasion for shoplifting and had one conviction which resulted in community service work and six months probation. She was serving this sentence on probation when the drug offenses occurred.

Both Defendants expressed remorse for what they had done, had good family support and employment opportunities in a family drywall business. The trial judge noted that he was not sure that the Defendants understood the "deadly seriousness of their actions."

Because each Defendant was convicted of a Class B felony, neither Defendant enjoyed the presumption of being a favorable candidate for alternative sentencing options. <u>See</u> Tenn. Code Ann. § 40-35-102(6). Nevertheless, the trial judge determined that confinement in the penitentiary was not warranted. In ordering a period of confinement in the county jail, the trial judge considered the number of offenses committed, the time frame during which they were committed, the variety and type of drugs sold, the need for deterrence and the need to avoid depreciating the seriousness of the offenses.

We note that this record affirmatively shows that the trial court considered the sentencing principles and all relevant facts and circumstances. As we have previously noted, it is our duty to presume that the sentencing determinations made by the trial court are correct. <u>See</u> Tenn. Code Ann. § 40-35-401(d). We are unable to conclude that the trial judge erred or abused his discretion.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

-7-

_____
GARY R. WADE, JUDGE


_____
CURWOOD WITT, JUDGE