IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1999 SESSION

FILED

April 21, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9803-CR-00100 |
| Appellee, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. SETH NORMAN, |
| LESLIE HEREFORD, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:

LIONEL R. BARRETT, JR.
Washington Square, Suite 418
222 Second Avenue North
Nashville, TN 37201

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ELIZABETH B. MARNEY
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

VICTOR S. JOHNSON III
District Attorney General

WILLIAM R. REED
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue, North
Nashville, TN 37201-1649

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

OPINION

Defendant, Leslie Hereford, pled guilty to four counts of rape, Class B felonies. The trial court sentenced defendant to eight years as a Range I standard offender on each count.[1] The court ordered three of the counts to run consecutively for an effective sentence of twenty-four years. Defendant appeals the imposition of three consecutive sentences and asks this Court to modify the trial court's decision to reflect an effective sentence within the range of twelve to sixteen years. We decline to do so and AFFIRM the sentence as imposed by the trial court.

### FACTS

Over a period of at least two years, defendant molested six children staying in his household by placing his penis in their mouths while they were sleeping. When one of his victims reported the abuse, defendant admitted his offenses to his church elders and sought counseling. At his church elders' recommendation, he also reported himself to law enforcement.

At sentencing, the state urged the trial court to apply several statutory enhancement factors and argued the appropriateness of consecutive sentencing pursuant to both the sentencing statute and State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995). The defense conceded the appropriateness of some consecutive sentencing, but asked the court to consider in mitigation the defendant's age (53 at the time of sentencing), honorable military service (defendant received a Purple Heart for his combat service in Vietnam), history of gainful employment, and the likelihood that the parole board would refuse early release in this case.

The trial court declined to speculate about any future decision by the parole board and determined the length of defendant's sentences based upon its consideration of the statutory sentencing principles. The trial court imposed the minimum sentence of eight years for each conviction, and ordered three of the four counts to run consecutively, for an effective sentence of twenty-four years.

---

[1]Since the offenses were committed prior to July 1, 1995, the prohibition of a release eligibility date does not apply. *See* Tenn. Code Ann. § 40-35-501(i)(1).

**SENTENCING**

Defendant challenges the imposition of consecutive sentencing resulting in twenty-four years of incarceration. He contends that the trial court completely overlooked his amenability to rehabilitation, and that the effective sentence is excessive. Defendant asks this Court to reduce the effective sentence.

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that "defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims." Tenn. Code Ann. § 40-35-115(b)(5). Furthermore, the court is required to determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with general principles of sentencing. Wilkerson, 905 S.W.2d at 939.

First, the trial court specifically found that consecutive sentencing was allowed per Tenn. Code Ann. § 40-35-115(b)(5). Second, it cited the psychosexual evaluation indicating a likelihood of reoffense by defendant given the opportunity. Finally, the court considered the ages of the victims and the number of victims as relevant to its determination that consecutive sentencing was necessary in defendant's case.

The actual sentencing range in this case, depending upon the length of sentences and the application of consecutive sentencing, was from eight to forty-eight years. The trial court made the necessary findings and determinations to

support its imposition of a twenty-four year sentence.  Where our review, as here, reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result.  State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991).  We conclude the effective sentence of twenty-four years is reasonably related to the severity of the offense and is necessary to protect the public from further criminal conduct by the defendant.  Thus, we see no reason to modify the sentences imposed.

## CONCLUSION

Based upon the foregoing, we AFFIRM the sentences imposed by the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

4

_____
**DAVID H. WELLES, JUDGE**


_____
**JOHN EVERETT WILLIAMS, JUDGE**