IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 25, 2001

## STATE OF TENNESSEE v. ANTONIO TERAN SEAY

**Appeal from the Criminal Court for Wilson County**
**No. 99-0344, 99-0344E      John D. Wootten, Jr., Judge**

---

### No. M2000-01696-CCA-R3-CD - Filed May 14, 2001

---

Upon his guilty plea, the Defendant was sentenced to two concurrent ten year sentences to be served on community corrections. Several months into service of his sentences, the Defendant was arrested and his community corrections sentences were revoked. The trial court subsequently resentenced the Defendant to two consecutive ten year sentences. The Defendant now appeals, contending that the trial court was without authority to impose consecutive sentences and that consecutive sentences are improper. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Comer Donnell, Public Defender; Virginia Townzen, Assistant Public Defender, Lebanon, Tennessee; and John B. Nisbet, III, Cookeville, Tennessee, for the appellant, Antonio Teran Seay.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and David Durham, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant, Antonio Teran Seay, pled guilty to criminal responsibility for attempted especially aggravated robbery and conspiracy to possess more than 26 grams of cocaine with intent to sell or deliver. He was sentenced to two concurrent terms of ten years for these crimes, to be served one year in confinement, day for day, with the balance on community corrections. Several months into the community corrections program the Defendant was charged with possession of a weapon and resisting arrest. He also failed a drug test. The trial court revoked the Defendant's community corrections sentences and ordered a new sentencing hearing. After the hearing, the trial court resentenced the Defendant to a ten year sentence of incarceration for each of the offenses, to be served consecutively. The Defendant now appeals the trial court's imposition of consecutive

sentences. Upon our review of the record and relevant legal authority, we affirm the judgment of the trial court.

The Defendant initially contends that the trial court lacked the authority to change the service of his sentences from concurrent to consecutive. We respectfully disagree. In State v. Carl Steven McGill, No. 03C01-9409-CR-00345, 1995 WL 550793, at *3 (Tenn. Crim. App., Knoxville, Sept. 19, 1995), this Court upheld a trial court's change of concurrent sentences to consecutive sentences following the revocation of a community corrections sentence, holding that "any lawful sentence within the defendant's range which is justified by the facts, circumstances and sentencing laws and principles may be ordered by the trial court in resentencing a defendant after a community corrections sentence has been revoked." See also Tenn. Code Ann. § 40-36-106(e)(4).[1] The Defendant's contention regarding the trial court's authority to modify his original sentences from concurrent to consecutive is, therefore, without merit.

The Defendant next contends that the trial court erred in ordering consecutive sentences because he does not satisfy the criteria required for the imposition of consecutive sentences. When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper rests upon the defendant. See Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988); Tenn. Code Ann. §§ 40-35-102, -103, -210.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have

---

[1] "The court shall also possess the power to revoke the [community corrections] sentence imposed at any time due to the conduct of the defendant . . . and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration."

preferred a different result. State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A trial court may order sentences for multiple convictions to run consecutively if it finds by a preponderance of the evidence that, inter alia,

> (1) [t]he defendant is a professional criminal who has knowingly devoted [his or her] life to criminal acts as a major source of livelihood;
> (2) [t]he defendant is an offender whose record of criminal activity is extensive; [or]
> . . .
> (4) [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high[.]

Tenn. Code Ann. § 40-35-115(b). In order to impose consecutive sentences on the basis that the defendant is a dangerous offender, the trial court must make two additional findings: that an extended sentence is necessary to protect the public against further criminal conduct by the defendant, and that the consecutive sentences reasonably relate to the severity of the offenses committed. See State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995). Moreover, no matter which basis the trial court relies upon in imposing consecutive sentences, the actual length of the sentence must be "justly deserved in relation to the seriousness of the offense[s]" and "no greater than that deserved for the offense[s] committed." See Tenn. Code Ann. §§ 40-35-102(1), -103(2); see also State v. Lane, 3 S.W.3d 456, 460 (Tenn. 1999).

In this case, the presentence report reveals that the Defendant was eighteen at the time he committed the instant offenses. In addition to the charges to which he pled guilty, the Defendant was also charged with conspiracy to commit especially aggravated robbery and three counts of criminal responsibility for the commission of aggravated assault.[2] His prior record includes two convictions of misdemeanor assault and juvenile convictions of aggravated assault and possession of cocaine. The Defendant also admitted to using marijuana and cocaine. He has never held a job. He had been serving his sentence on community corrections less than six months when he was again arrested for a weapons charge and for resisting arrest; he also tested positive for cocaine use. The Defendant's instant convictions stem from a drug deal/robbery attempt involving an agent with the Tennessee Bureau of Investigation and two bystanders. While the Defendant acted as "lookout," his two co-defendants shot the TBI agent twice in the head. Although the agent lived, he required multiple surgeries and lost the sight in one of his eyes.

In considering whether to order the Defendant's sentences to be served concurrently or consecutively, the trial court found that the Defendant's record of criminal activity is extensive. The trial court declined to find the Defendant a professional criminal, but did find him to be a dangerous

---

[2] These charges were nolled in conjunction with the Defendant's guilty pleas to the instant offenses.

offender on the basis that his behavior in committing the instant crimes indicated little or no regard for human life and showed no hesitation about committing a crime in which the risk to human life was high. The trial court did not make any other specific findings with respect to its decision to run the Defendant's sentences consecutively.

We agree with the trial court that the Defendant's record of criminal activity is extensive. Although many of the Defendant's crimes were committed while he was a juvenile, "a juvenile record of criminal conduct may properly be considered in assessing a suitable sentence after a felony conviction [as] an adult." State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997). The Defendant's juvenile record includes drug use, some of it frequent;[3] an aggravated assault; and possession of cocaine. As an adult he garnered two misdemeanor assault convictions (one reduced from aggravated assault); the two instant convictions; and numerous other arrests, all before he turned twenty years old. We find that the Defendant's record is sufficient to satisfy the definition of "extensive." See, e.g., State v. Pettus, 986 S.W.2d 540, 545 (Tenn. 1999) (the defendant's prior record of two thefts, an unlawful weapons conviction, contributing to the delinquency of a minor, and driving on a revoked license was sufficient to support consecutive sentences). Pursuant to the Lane decision, we also conclude that a twenty year sentence is "'justly deserved in relation to the seriousness of the offense[s]'" and is "'no greater than that deserved for the offense[s] committed.'" Lane, 3 S.W.3d at 460 (citations omitted). This issue is therefore without merit.

Although consecutive sentences may be based solely upon a finding of a record of extensive criminal activity, we also agree with the trial court that the Defendant satisfies the definition of a dangerous offender. The instant offenses resulted in the victim being shot twice in the head while two innocent bystanders stood by. The victim suffered permanent serious injury and has had multiple surgeries. Clearly, this Defendant engaged in behavior showing no hesitation about committing crimes in which the risk to human life is high and little or no regard for human life. Moreover, shortly after being released on community corrections the Defendant was caught using cocaine and carrying a weapon. An armed man who uses cocaine while serving a sentence for almost killing a TBI agent continues to demonstrate conduct worthy of "dangerous offender" status. Additionally, the record supports a finding that an extended sentence is necessary to protect the public against further criminal conduct by this Defendant. See Wilkerson, 905 S.W.2d at 939. Given his age and criminal history, it is apparent that the only time the Defendant is not committing crimes is when he is incarcerated. The record also supports a finding that the effective sentence of twenty years reasonably relates to the severity of the instant crimes. Id. Accordingly, we find no error in the trial court's imposition of consecutive sentences on the basis that the Defendant is a dangerous offender.

The Defendant having failed to carry his burden of showing that his sentence is improper, we affirm the judgment of the trial court.

---

[3]According to the presentence report the Defendant admitted using cocaine and marijuana, "using marijuana at least every other day since he was 16 years old."

_____

DAVID H. WELLES, JUDGE