STATE of Tennessee, Appellee,

v.

**Mary Elizabeth FLETCHER, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 28, 1991.

John E. Eldridge, Knoxville, for appellant.

Charles W. Burson Atty. Gen. and Michaela K. Mathews, Asst. Atty. Gen., Nashville, William E. Dossett, Dist. Atty. Gen., and Mike G. Nassios, Asst. Dist. Atty. Gen., Knoxville, for appellee.

## OPINION

TIPTON, Judge.

The defendant entered guilty pleas to five charges of cocaine sale and one charge of possession with intent to sell cocaine. By a court approved plea agreement, she received a four year Range I sentence for each offense with all sentences but one to be served concurrently, for an effective sentence of eight years. Following a hearing, the trial court ordered a split sentence by which the defendant was to serve one year in the Knox County jail followed by seven years being served in the Community Alternative to Prison (CAP) program pursuant to the Community Corrections Act of 1985. T.C.A. §§ 40–36–101 to 106.

On appeal, the defendant claims that the trial court erred by requiring her to serve a year in jail. She contends that she should have been placed directly into the CAP program as an alternative to incarceration.

Although the offenses occurred in 1988, the sentences were imposed after November 1, 1989. Thus, absent constitutional

prohibition, her sentencing and this appeal are controlled by the Criminal Sentencing Reform Act of 1989. T.C.A. § 40–35–117(b). In this regard, the trial court treated the offenses as Class C felonies. See T.C.A. § 40–35–118 (classifying offenses which occurred before November 1, 1989).

For any sentence imposed after November 1, 1989, although the appellate review continues to be "de novo ... on the record," it is further required to be "conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40–35–401(d). As noted in the Sentencing Commission Comments to this section, the burden is now on the defendant to show that the sentence imposed was improper.

In conducting a de novo review of the defendant's sentences, this Court must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the pre-sentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on her own behalf and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40–35–102, –103 and –210; See State v. Moss, 727 S.W.2d 229 (Tenn.1986). When the sentencing alternative provided by the Community Correction Act is at issue, this Court must consider the eligibility standards in T.C.A. § 40–36–106(a) and the report of the agency which administers the county's program, as well. State v. Taylor, 744 S.W.2d 919, 920 (Tenn.Crim.App. 1987).

In this case, the pre-sentence investigation and sentencing hearing were waived by the parties except for the issue of placement in the CAP program. It should be noted, though, that the CAP report filed with the court appeared to contain all information that is required in a pre-sentence report. See T.C.A. § 40–35–207. The evidence submitted at the hearing was basically uncontroverted.

The cocaine sales and possession for which the defendant was convicted occurred over a thirty-four day period at a local restaurant/bar. The defendant began selling cocaine for another individual in January, 1988, and continued selling until her arrest in mid-April. She began going to the bar to sell cocaine two times per week, but such activity became a daily event near the time of her arrest. She would earn three to four hundred dollars per week from the sales, but she did not report this on her tax return. At the time of her involvement, the defendant used cocaine regularly although recognizing that she had a drug problem.

In mitigation, it was shown that the defendant, now twenty-seven years old, had no previous criminal record and that she had not used cocaine in the twenty-two months since her arrest. During the time of her involvement, the proceeds were used to provide necessities for herself and her two minor children since she and her husband were not working. However, it can be inferred from the record that she had not sought lawful employment during this period.

Since her arrest, she had taken an active role with her children, one being learning disabled, and their activities. The defendant was remorseful for her conduct and expressed a desire to go to college. Her husband and parents were supportive of her in a positive fashion. The CAP case manager testified that the defendant was eligible for the program.

The trial judge was impressed with the defendant's personal rehabilitation and recognized that there was no indication that she would engage in criminal conduct in the future. Also, he was concerned about the impact the defendant's incarceration would have on her children. He noted his agreement with a retired judge's sentencing philosophy in close cases:

Look, if I send you to the penitentiary, and that is a mistake, that is a mistake I cannot cure. On the other hand, if I put you on probation, and that is a mistake, then that is a mistake I can cure.

On the other hand, the trial judge stated that the defendant continuously violated the law and that the crimes involved were intolerable. He referred to the fact that, at the time of the offenses, the law barred probation eligibility. Ultimately, he determined that split confinement would be appropriate and, in effect, used the CAP program as a condition of probation. It should be noted that a community corrections sentence is not probation under the 1989 Act. *See* 87 Op.Att'y Gen. 196 (1987). However, it is another alternative to incarceration available to the trial judge, T.C.A. § 40–35–104(c)(8), and may be used as a condition of probation. *See* T.C.A. § 40–36–106(f).

In considering the length of continuous confinement, the trial judge determined that the defendant had already served forty-two days in jail. However, he expressed concern that such time was not enough to deter others who might wish to engage in similar misconduct. The trial judge basically found that the controlling factors in his requiring one year of incarceration were the continuous commission of serious offenses and the need to deter others from similar conduct. *See* T.C.A. § 40–35–103(1)(B).

Initially, the defendant asserts that, under the 1989 Act, she is presumed to possess rehabilitative potential not requiring incarceration and that, since trial courts are encouraged to select alternative methods of punishment, she should not have been incarcerated. T.C.A. § 40–35–102(6) (Supp.1989) stated as follows:

> Defendants who do not fall within the parameters of subdivision (5)[1] and receive a sentence of eight (8) years or less are presumed in the absence of evidence to the contrary to possess capabilities for rehabilitative alternative sentencing options in the discretion of the court and these are specifically encouraged.

This rebuttable presumption works a significant change from prior law and it appears to support the defendant's contention, given the record in this case. It is to be read, though, in context with the rest of the 1989 Act.

T.C.A. § 40–35–303(b), relative to probation being automatically considered in sentencing, provides that "nothing in this chapter shall be construed as altering any provision of present statutory or case law requiring that the burden of establishing suitability for probation rests with the defendant." The Sentencing Commission Comments indicate that this means that, although probation must be automatically considered in sentencing, "the defendant is not automatically entitled to probation as a matter of law." Further, the Comments state that this subsection should be read in conjunction with T.C.A. § 40–35–102(6) relative to the rebuttable presumption.

Thus, the legislature has provided that, although probation is not a matter of automatic entitlement, a defendant who does not meet the parameters of T.C.A. § 40–35–102(5) is vested with a rebuttable presumption that a sentence other than incarceration would result in successful rehabilitation. However, the sentencing determination does not end at this point. Rehabilitation is only one principle to be considered in determining whether or not a defendant should be sentenced to confinement.

If a defendant has a long history of criminal conduct, then personal deterrence by confinement may be necessary to protect society from that defendant. *See* T.C.A. §§ 40–35–102(3)(B) and (5), –103(1)(A). Likewise, if the offense or offenses are of such a serious nature that confinement is necessary to avoid depreciating that seriousness or if deterrence of others would be especially effective through confinement, then alternatives other than confinement may not be warranted. *See* T.C.A. §§ 40–35–102(1), (3)(A) and (5), –103(1)(B). Finally, if the record reflects

---

1. T.C.A. § 40–35–102(5) states as follows:

    In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration....

multiple or recent unsuccessful application of sentencing measures not including confinement, then confinement may be appropriate. *See* T.C.A. §§ 40–35–102(3)(C) and (5), –103(1)(C). Thus, the 1989 Act provides for confinement in those cases where the record adequately shows that one of these particular considerations outweighs a defendant's rehabilitative capabilities. In fact, the presence of sufficient evidence to bring these considerations into play, other than deterrence and offense seriousness, would usually mean that the presumption of rehabilitative capabilities would be rebutted.

In applying the principles of sentencing in the 1989 Act, it should be noted that most of them existed in the 1982 Act. Therefore, the analysis of the 1982 Act contained in *State v. Moss*, 727 S.W.2d 229, 234–238 (Tenn.1986) remains instructive relative to how sentencing determinations are approached under the 1989 Act. In such regard, the following comments from *Moss* apply, as well, to the present law:

> [A] case-by-case approach to sentencing underlies this Act as a fundamental policy. An individual criminal is sentenced based on the nature of the offense and the totality of the circumstances in which it was committed, including the defendant's background. Any case-by-case approach will embody discretion, since all of the appropriate factors and circumstances must be weighed and considered as a whole for the disposition of each case. But, '[i]nequalities in sentences that are unrelated to a purpose of this chapter should be avoided.' The implication is that, while more uniformity of sentences is one goal of the Act … some justified disparity or inequality in sentences necessarily results from a case-by-case method by which an offender receives the 'sentence he deserves' but not

a sentence 'greater than that … for the offense committed.'

727 S.W.2d at 235–236 (citations omitted).

However, the sentencing discretion with which *Moss* was concerned has been limited by the 1989 Act. For instance, a rebuttable presumption now exists that the sentence is to be the minimum of the applicable range. T.C.A. § 40–35–210(c). Also, the courts are to give priority to certain serious offenders in rendering sentences involving confinement in recognition of the state's limited correctional capacities. T.C.A. § 40–35–102(5). In fact, a court may be prohibited from sentencing felons to the Department of Correction in certain situations. *See* T.C.A. § 40–35–104(b).

The rebuttable presumption at issue in this case, though, does not appear to restrict the trial court's discretion to the extent the defendant claims in her appeal. It is true that the encouragement by the legislature, enacted in T.C.A. §§ 40–35–102(3)(C) and (6), –103(6), to use alternatives to confinement indicates that the fact a defendant possesses rehabilitative capabilities should be given considerable weight in a trial court's decision whether or not to order confinement. However, at the time of the defendant's sentencing, although she was presumed to possess rehabilitative capabilities, T.C.A. § 40–35–102(6) specifically left the use of non-confinement alternatives "in the discretion of the court." [2]

■ In the present case, the trial judge ordered confinement because of the seriousness of the offenses and the need to deter others under T.C.A. § 40–35–103(1)(B). It is true that the factor of deterrence, both specific and general, exists in every case. *Moten v. State*, 559 S.W.2d 770, 773 (Tenn.1977). However, the degree of significance attached to this factor "varies widely with the class of offense and the facts of each case." *State v. Michael*, 629 S.W.2d 13, 14 (Tenn.1982).

---

2. The legislature amended T.C.A. § 40–35–102(6), effective April 30, 1990, to state as follows:

> A defendant who does not fall within the parameters of paragraph (5) and is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to

be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.

Thus, the legislature has made the presumption even stronger in the designated classes and offender ranges and has further limited the trial judge's discretion to impose confinement.

Also, denial of probation has previously been justified solely on the circumstances of the offense when they were of such a nature to outweigh all other factors which might favor probation. *See State v. Travis*, 622 S.W.2d 529, 533 (Tenn.1981); *State v. Welch*, 565 S.W.2d 492 (Tenn.1978). T.C.A. § 40–35–103(1)(B) is a codification of these principles. Thus, even though the defendant might possess full capabilities for rehabilitative alternative sentencing, the trial judge was entitled under the law to exercise his discretion to impose a period of confinement under T.C.A. § 40–35–103(1)(B), provided the record adequately supports the weight he gave this particular sentencing consideration.

■ The defendant, in contesting the one year confinement, claims that her situation is similar to that in *State v. Woody*, No. 148, Cocke Co., 1990 WL 147 (Tenn.Crim. App., Knoxville, Jan. 4, 1990), a pre–1989 Act case. Woody was convicted of one marihuana and three cocaine sales, receiving an effective sentence of seven years in the penitentiary. The trial court denied imposing a community corrections sentence on the basis of her being a "drug dealer." On appeal, this Court reversed and remanded for resentencing, commenting that a person like Woody may benefit from alternate sentencing and that it appeared that the trial court misunderstood a "drug dealer's" eligibility under the Community Corrections Act.

The defendant's reliance upon *Woody* is misplaced for several reasons. First, there was no evidence of multiple uncharged sales in *Woody* and she did not profit financially from the sales. Also, contrary to the defendant's record, there was no indication that Woody was acting in concert on a regular basis with a larger drug distribution ring. A comparison of these two cases shows that the seriousness of the criminal offenses was less in *Woody*. Thus, any sentence disparity between them appears justified.

Second, *Woody* was decided under a *de novo* review standard which required our appellate courts to render and impose their own sentencing determinations as long as the determinations were supported by the record and resulted from proper application of the principles of sentencing. *See* T.C.A. § 40–35–402(d) (Supp.1988). Any deference to a trial court's sentence was, at that time, by appellate discretion and not by mandate of law. Under the 1989 Act, this Court must presume the trial court's determinations to be correct. If appellate review reflects that the trial court, by following the statutory sentencing procedure, imposed a lawful sentence, after having given due consideration and proper weight to the factors and principles which are relevant to sentencing under the Act, and that the trial court's findings of fact upon which the sentence is based are adequately supported in the record, then we may not disturb the sentence even if we would have preferred a different result.

In reviewing the record of this case, it is clear to this Court that the trial judge conscientiously considered all relevant factors needed to reach an appropriate sentencing determination under the 1989 Act. Being faced with a case involving six cocaine felony convictions, it is obvious that he did not attach any greater weight to the principle of deterrence than the record warranted. In fact, the trial judge gave substantial weight to the defendant's rehabilitative capabilities by granting her probation to the CAP program after one year's confinement. Accordingly, the judgment of the trial court is affirmed.

BIRCH and WADE, JJ., concur.