IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER SESSION, 1999

FILED

December 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | M1999-01740-CCA-R3-CD |
| | ) | |
| Appellant, | ) | |
| | ) | CHEATHAM COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. LEONARD W. MARTIN, JUDGE |
| RICKY DALE LANGFORD, | ) | |
| | ) | |
| Appellee. | ) | (THREE COUNTS RAPE OF A CHILD) |

FOR THE APPELLEE:           FOR THE APPELLANT:

**WILLIAM B. (JAKE) LOCKERT, III**     **PAUL G. SUMMERS**
District Public Defender                 Attorney General & Reporter

**STEVE STACK**                      **LUCIAN D. GEISE**
Assistant Public Defender         Assistant Attorney General
P.O. Box 464                        2nd Floor, Cordell Hull Building
Ashland City, TN 37015          425 Fifth Avenue North
                                 Nashville, TN 37243

                                 **DAN M. ALSOBROOKS**
                                 District Attorney General

                                 **JAMES W. KIRBY**
                                 Assistant District Attorney General
                                 105 Sycamore Street
                                 Ashland City, TN 37015-1806

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Cheatham County Grand Jury indicted Defendant Ricky Dale Langford for three counts of rape of a child and one count of incest. Defendant subsequently pled guilty to three counts of rape of a child and the incest charge was nolled. Following a sentencing hearing, the trial court imposed three concurrent sentences of twenty years. The State contends that the trial court should have imposed consecutive sentencing. After a review of the record, we affirm the judgment of the trial court.

## FACTS

Defendant began sexually abusing his eleven year old daughter in March of 1997. For approximately nine months, Defendant engaged in vaginal, anal, and oral sex with his daughter. Defendant admitted to Barbara Wallace of the Department of Children's Services that he had engaged in eight acts of penile penetration and eight acts of oral sex with his daughter, in addition to several incidents of fondling or kissing. According to Wallace, Defendant is an untreatable pedophile with a moderate to high risk of re-offending. As a result of the sexual abuse, Defendant's daughter has participated in counseling in order to learn how to differentiate between love and sex and how to control various "sexually acting out behaviors".

**ANALYSIS**

-4-

The State contends that the trial court abused its discretion when it imposed concurrent sentencing. We disagree.

When the State challenges a defendant's sentence, the State has the burden of showing that the sentence is improper. State v. Blouvet, 965 S.W.2d 489, 494 (Tenn. Crim. App. 1997); Tenn. Code Ann. § 40-35-401(d) (1997) (Sentencing Commission Comments). In addition, our review is de novo with a presumption that the trial court's sentencing determinations were correct. Blouvet, 965 S.W.2d at 494; Tenn. Code Ann. § 40-35-402(d) (Supp. 1999). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

Consecutive sentencing is governed by Tennessee Code Annotated section 40-35-115(b), which provides that "[t]he [trial] court *may* order sentences to run consecutively if the court finds by a preponderance of the evidence that" one or more of the required statutory criteria exist. Tenn. Code Ann. § 40-35-115(b) (1997) (emphasis added). "Whether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court. State v. Adams, 973 S.W.2d 224, 230–31 (Tenn. Crim. App. 1997).

During the sentencing hearing, the trial court stated that it recognized that because Defendant had been convicted of two or more sexual offenses with a minor victim, the court could impose consecutive sentencing based on Defendant's

relationship with the victim, the time span of the activity, the nature of the activity, and the residual damage to the victim. <u>See</u> Tenn. Code Ann. § 40-35-115(b)(6) (1997). The trial court then discussed the nature of the offenses, the injury to the victim, the testimony that was presented during the hearing, Defendant's age, and the fact that Defendant would be required to serve 100% of a twenty year sentence. The trial court then ruled that based on all of these considerations, a total sentence of twenty years to be served at 100% was the proper and just result in this case.

We conclude that while the trial court probably would have been justified in imposing consecutive sentencing in this case, the trial court did not abuse its discretion in imposing concurrent sentencing. Section 40-35-115(b) provides that the trial court may, rather than must, impose consecutive sentencing if one or more of the enumerated factors is present. In this case, the trial court properly considered all of the relevant sentencing criteria and exercised its discretion to impose concurrent, rather than consecutive sentencing. Because our review indicates that the trial court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law and the trial court's findings are adequately supported by the record, we may not modify the sentence even if we would have preferred a different result. <u>State v. Fletcher</u>, 805 S.W.2d 785, 791 (Tenn. Crim. App. 1991). In short, the State has failed to meet its burden of showing that the sentence is improper. Accordingly, the judgment of the trial court is AFFIRMED.

_____
THOMAS T. WOODALL, Judge

CONCUR:


_____

JOE G. RILEY, JR., Judge


_____

JAMES CURWOOD WITT, JR., Judge