# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs June 27, 2001

## STATE OF TENNESSEE v. JAMES L. BREEDEN

**Appeal from the Circuit Court for Blount County**
**No. C-12374     D. Kelly Thomas, Jr., Judge**

---

**No. E2000-02794-CCA-R3-CD**
**August 17, 2001**

---

The defendant, James L. Breeden, appeals from the one-year sentence to confinement imposed by the trial court for his driving a car in violation of an order under the Habitual Motor Vehicle Offender (HMVO) Act that barred him from driving. He contends that the trial court erred by not imposing a sentence of split confinement with inpatient substance abuse evaluation and treatment. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Raymond Mack Garner, District Public Defender; Shawn G. Graham, Assistant District Public Defender, Maryville, Tennessee; and Julie A. Rice, Knoxville, Tennessee, for the appellant, James L. Breeden.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Kirk E. Andrews, Assistant District Attorney General, for the appellee, State of Tennessee

## OPINION

The defendant's problems in this case began when he telephoned to a house that was then being searched by police pursuant to a search warrant. A police officer answered the telephone and the defendant asked to purchase some pain pills. The officer arranged to meet the defendant, who said he would be driving a Grand Prix. Upon the defendant's arrival, the officer determined that the defendant was violating an HMVO order and arrested him. The defendant pled guilty.

The sentencing hearing portrayed this to be another case, all too common, of a person with substance abuse problems who is a chronic violator of the state's driving laws. The record reflects that the defendant had been drinking since he was sixteen years old and that when he was drinking,

he tended to consume twelve to fifteen beers daily. He also had been smoking marijuana on a regular basis since he was sixteen or seventeen years old, including after he was arrested in this case. He had received substance abuse treatment in 1996 and 1998. The record reflects that the longest the defendant had gone without drinking was three to four weeks.

The record also reflects that the defendant, forty-five years old, had a history of DUI's and public intoxication. He was convicted of burglary in the 1970's, and he said he served the full time in the Department of Correction. He also was convicted of theft in 1997, which he said occurred when he was drinking and needed the money. Further, he acknowledged several assaults through the years, including one occurring after he was charged in the present case. The defendant agreed that many of his legal problems resulted from substance abuse.

Regarding his use of a car, the defendant estimated that he drove once weekly since losing his license. He said that on the day he was arrested, he was trying to get hydrocodone for his wife's broken arm.

The trial court sentenced the defendant as a standard, Range I offender to confinement for one year in the county jail. The trial court stated that his lengthy record involving substance abuse, continued use of illegal drugs, failed treatment attempts, and commission of violent offenses while intoxicated were reasons for denying alternative sentencing.

Initially, we note that the transcript of the sentencing hearing reflects that the court also ordered that the defendant was eligible for "any of the Sheriff's programs, whether work release or work credits for being a trustee." See e.g., Tenn. Code Ann. § 41-2-147. Part of the judgment dealing with the defendant's eligibility for programs other than parole release is left blank. However, Tenn. Code Ann. § 40-35-314(b)(2) provides that the failure to specify a percentage in the judgment renders the defendant eligible for programs six months before parole release eligibility. Given his thirty percent release eligibility, the statute would render the defendant immediately eligible for all the Sheriff's programs.

The defendant asserts that his "inability to conquer such a debilitating disease" as drug and alcohol addiction and his "resultant criminal violations should not be summarily included" in a category that justifies denying him an alternative sentence. The state responds that Tenn. Code Ann. § 55-10-616(c) requires confinement and bars suspension of a sentence for a habitual motor vehicle offender under the circumstances in this case, i.e., the defendant's driving was not because of an apparent extreme emergency to save life or limb.

The trial court's sentencing determinations are entitled to the presumption of correctness. See Tenn. Code Ann. § 40-35-401(d). This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing, one may not disturb the sentence. See State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In this case, the trial court recognized that the defendant was presumed to be a favorable candidate for alternative sentencing options unless evidence to the contrary existed. However, it found substantial evidence that overcomes the presumption. The record supports the trial court's findings. Prior treatment and prior sentences less restrictive than confinement have failed. The defendant continued to violate the law through his substance abuse and driving. Unquestionably, the root of the defendant's problems is his alcohol and drug addiction. However, such does not excuse his continued illegal driving and substance abuse. Whether barred by the statute or barred by the facts, the defendant is not entitled to a sentence involving an alternative to confinement.

In consideration of the foregoing and the record as a whole, the judgment of conviction is affirmed.

_____
JOSEPH M. TIPTON, JUDGE