IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 23, 2002

## STATE OF TENNESSEE v. BRIAN KEITH GILMER

**Direct Appeal from the Circuit Court for Jefferson County**
**No. 6975    O. Duane Slone, Judge**

and

**Direct Appeal from the Circuit Court for Sevier County**
**No. 8161    O. Duane Slone, Judge**

_____

**No. E2001-01474-CCA-R3-CD**
**June 20, 2002**
_____

Defendant, Brian Keith Gilmer, pursuant to a negotiated plea agreement, pled guilty to four counts of rape, Class B felonies, and five counts of rape of a child, Class A felonies, in Case No. 6975 in the Circuit Court of Jefferson County. On the same date, he pled guilty to five counts of rape, Class B felonies, in Case No. 8161 in the Circuit Court of Sevier County. The victim in all counts, in both counties, was Defendant's stepdaughter. Sentencing was to be determined by the trial court (which was the same for both counties), but the negotiated plea agreement was structured such that the total effective sentence would not be less than 15 years or more than 50 years. Defendant also pled guilty to other criminal offenses as part of the plea agreement, but these are not relevant to this appeal. Although Defendant filed a notice of appeal indicating that he was appealing the sentences imposed in both the Jefferson and Sevier County cases, in effect, this appeal challenges only the length of sentences of the Class A felonies in the Jefferson County case, and the fact that one Class A felony was ordered to be served consecutively to the other sentences. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Courts Affirmed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH and JOE G. RILEY, JJ., joined.

Edward C. Miller, District Public Defender, Dandridge, Tennessee, for the appellant, Brian Keith Gilmer.

1

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Al C. Schmutzer, Jr., District Attorney General; and Charles L. Murphy, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### BACKGROUND

Following a sentencing hearing, the trial court sentenced Defendant as follows:

**JEFFERSON COUNTY CASE NO. 6975**

Count 1, Rape of Child, 20 years
Count 2, Rape of Child, 21 years
Count 3, Rape of Child, 22 years
Count 4, Rape of Child, 25 years
Count 5, Rape of Child, 25 years
Count 6, Rape, 12 years
Count 7, Rape, 12 years
Count 8, Rape, 12 years
Count 9, Rape, 12 years

**SEVIER COUNTY CASE NO. 8161**

Count 1, Rape, 12 years
Count 2, Rape, 12 years
Count 3, Rape, 12 years
Count 4, Rape, 12 years
Count 5, Rape, 12 years

The sentences for all counts were ordered to be served concurrently to each other, *with the exception of* count 5 of Jefferson County Case No. 6975 (25 years), which was ordered to be served consecutive to count 4 of Jefferson County Case No. 6975 (also 25 years). Defendant was sentenced as a standard Range I offender in each count, for an effective sentence of 50 years.

In his brief, Defendant limits the issues on appeal to only the sentencing for the Class A felonies. All of the Class A felonies were committed in Jefferson County. We therefore affirm the Sevier County judgments without further discussion.

In his appeal, Defendant argues that the trial court erred by ordering his sentences for counts 4 and 5 of the Jefferson County case to be served consecutively and by imposing sentence lengths above the presumptive sentence for the Class A felony offenses. Defendant does not contest the trial

2

court's findings of fact or its application of the enhancement factors applied during sentencing. Rather, Defendant argues that the trial court erred by failing to apply certain mitigating factors.

## FACTS

As stated above, Defendant is the stepfather of the victim, J.C. (we will refer to the minor victim by her initials). J.C. was fifteen years old at the time of the sentencing hearing. The sexual abuse began when J.C. was nine years old. Defendant had assumed the role of a natural father in her life, having been her stepfather since she was fourteen months old. According to J.C., the abuse commenced after she came home from school one day. Defendant showed J.C. a pornographic film, and then he sexually penetrated the victim by forcing her to perform oral sex on him. This act was repeated on several occasions during 1995. Thereafter, in 1996, Defendant anally penetrated the victim, and she testified that this caused her pain. The occasions that Defendant initiated sexual acts with the victim increased in frequency as the victim became older. Eventually, Defendant and the victim engaged in sexual intercourse. Prior to the initiation of the charges which led to the convictions on appeal, the victim reported the sexual abuse and then denied that it had happened. She claimed that she recanted because Defendant promised to discontinue the sexual abuse. She also testified that Defendant frightened her by saying that, if she maintained her story of sexual abuse, he would send her away to stay with other people. Defendant resumed the sexual abuse approximately two months after the first investigation was closed.

When the victim was twelve years old, Defendant had her tongue, belly, and "privates" pierced. He also had her body tattooed in three places. Defendant made her have sexual relations with her stepsister, while he observed the activity, and forced her to have "three-way" sex with him and another minor girl. Ultimately, Defendant took the victim to a truck stop to solicit sex. J.C. testified that Defendant would typically drive her down the interstate and motion a truck driver to pull over. Then she would get in the truck and have sex with the driver for money. Defendant also prostituted the victim in Sevier County, forcing her to have sexual relations with men at hotels. On one occasion, Defendant was arrested on bad check charges. After he had made bail and gone into hiding, he arranged to have her meet him and they had sexual relations in a storage building.

The victim impact statement submitted by J.C. was adopted by her during her testimony at the sentencing hearing. In it, she stated that she had been emotionally hurt by Defendant's criminal actions and had been going to counseling once a week for a year. She surmised that she would probably have to continue counseling for the rest of her life.

Defendant did not testify, but he made a statement to the court pursuant to Tennessee Code Annotated section 40-35-210(b)(6). In this statement, Defendant expressed remorse, stated that he did not blame the victim for anything that had happened, and pointed out that he had attempted to take his own life while confined in the Jefferson County Jail. He also claimed that the victim had asked to have her hair dyed and that she wanted her body pierced and tattooed. He offered into evidence the stipulated testimony of Detective Kenny Bean, which showed Defendant's cooperation and remorse. Other exhibits submitted into evidence by Defendant were his medical records,

3

including surgeries and other complications, treatment of Defendant at Cherokee Health Systems, a psychiatric report of Defendant from Cumberland Associates, a GED certificate, and Defendant's employment records from Morristown Driver's Services, Inc.

At the conclusion of the sentencing hearing, the trial court found the following enhancement factors applicable to Defendant's sentences for all convictions: (1) Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (7) the offense involved a victim and was committed to gratify Defendant's desire for pleasure or excitement; and (15) Defendant abused a position of private trust. See Tenn. Code Ann. § 40-35-114(1), (7), and (15) (1997).

The trial court, pursuant to the "catch-all" mitigating factor provided in Tennessee Code Annotated section 40-35-113(13), found that Defendant was remorseful; that Defendant had a psychiatric condition dating back as early as 1980 which included bi-polar disorder, recurrent suicidal ideation, anxiety, and depression; and that Defendant had a good employment record. However, the trial court specifically found, in weighing the enhancing factors against the mitigating factors, that the enhancing factors outweighed the mitigating factors "in an extremely heavy fashion."

## ANALYSIS

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. §§ 40-35-401(d), 402(d) (1997). The burden is on the appealing party to show that the sentencing is improper. Id. § 40-35-401, Sentencing Commission Comments. If the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Here, we conclude that the trial court properly followed the procedures for sentencing. Therefore, our review is de novo with a presumption of correctness.

In conducting our review, we are required to consider the following factors in sentencing: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) the evidence and information offered by the parties on the enhancement and mitigating factors in sections 40-35-113 and 40-35-114; and (6) any statement the defendant wishes to make in his own behalf about sentencing. See Tenn. Code Ann. § 40-35-210 (1997).

If no mitigating or enhancement factors for sentencing are present, Tennessee Code Annotated section 40-35-210(c) provides that the presumptive sentence for Class A felonies is the midpoint of the range. See State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); Fletcher, 805 S.W.2d at 788. No particular weight for each mitigating or enhancement factor is prescribed by the statute. Instead, the weight given each factor is left to the discretion of the trial court as long as the

trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); see Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments.

## I. Sentence Length

Since Defendant's appeal is limited to the sentencing for counts 1 through 5 of Jefferson County Case No. 6975, it is necessary to review the dates of the offenses in determining the presumptive sentence. Counts 1 and 2 state that the offenses occurred "during the Spring of 1995." Count 3 alleges that the offense occurred "on a day in 1995." Count 4 alleges that the offense occurred in 1996, exact date not specified. Count 5 alleges that the offense occurred "on the 3rd day of February, 1997." Prior to an amendment in 1995 to Tennessee Code Annotated section 40-35-210, the presumptive sentence for a Class A felony was the minimum sentence in the range, 15 years in this case. Effective July 1, 1995, Tennessee Code Annotated section 40-35-210 was amended to provide that the presumptive sentence for a Class A felony was the mid-point of the range; in this case, 20 years. Without knowing the exact date of the offenses in counts 1, 2, and 3 in this case, we conclude that we must treat these as occurring before the effective date of the amendment. Therefore, the presumptive sentence for counts 1, 2, and 3 is 15 years, and for counts 4 and 5, the presumptive sentence is the mid-point in the range, 20 years. As stated above, the trial court sentenced Defendant to serve 20 years under count 1, 21 years under count 2, and 22 years under count 3. Defendant was sentenced to serve 25 years under count 4, and 25 years under count 5.

Defendant argues that the trial court should have found the fact that his criminal conduct neither caused nor threatened serious bodily injury a mitigating factor under Tennessee Code Annotated section 40-35-113(1). Our review of the record shows that this factor is clearly inapplicable. This Court has previously stated that "[i]t is difficult to conceive of any factual situation where the rape of a child would not threaten serious bodily injury." State v. Edward Earl Huddleston, No. 02C01-9706-CC-00228, 1998 Tenn. Crim. App. LEXIS 216, at *7, Gibson County (Tenn. Crim. App., Jackson, Feb. 20, 1998), perm. to app. denied (Tenn. 1998); see State v. Joseph E. Suggs, No. M1999-02136-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 799, Davidson County (Tenn. Crim. App., Nashville, Oct. 4, 2000), perm. to app. denied (Tenn. 2001). The victim testified that it hurt when Defendant anally penetrated her. These facts indicate that mitigating factor (1) does not apply here.

Defendant also argues that the trial court erred by not applying the mitigating factor found in Tennessee Code Annotated section 40-35-113(8), which he contends was applicable because he was suffering from a mental or physical condition that reduced his culpability. While the trial court stated that it did not find any "enumerated" mitigating factors (including number 8), the court, in essence, applied this mitigating factor under the "catch-all" provision of mitigating factor (13). However, the weight given this factor was small when compared with the "heavy" weight the trial court gave the enhancement factors.

5

Finally, Defendant argues that the trial court erred by not considering his good work record under the "catch-all" mitigating factor, Tennessee Code Annotated section 40-35-113(13). Our review of the record shows that the trial court did apply that mitigating factor, but, again, gave it very little weight in light of the great weight given the enhancement factors.

Starting at the presumptive sentence of 15 years for counts 1, 2, and 3, and the presumptive sentence of 20 years for counts 4 and 5, we find the trial court did not err in sentencing Defendant to 20 years, 21 years, 22 years, 25 years, and 25 years, respectively, for each count. Defendant is not entitled to relief on this issue.

## II. Consecutive Sentencing

Regarding the trial court's imposition of consecutive sentencing for counts 4 and 5, Defendant argues that the trial court did not make any findings of fact to support consecutive sentencing pursuant to Tennessee Code Annotated subsection 40-35-115(b)(5).

Consecutive sentencing is controlled, in part, by Tennessee Code Annotated section 40-35-115. Under this statute, a trial court may order a defendant to serve consecutive sentences where the proof establishes that he has fulfilled one or more of the requirements of this statute, including that set forth in Tennessee Code Annotated subsection 40-35-115(b)(5), which states:

> The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims[.]

Tenn. Code Ann. § 40-35-115(b)(5) (1997).

According to the record, the trial court made the following statement concerning consecutive sentencing:

> Considering the constraints of [the] plea agreement and the criteria set forth in T.C.A. 40-35-115, [sic] the Court in considering these convictions for sexual abuse of this minor child, considering the aggravating circumstances arising from the relationship of this child victim and stepfather defendant, the time span that this defendant engaged in undetected sexual activity and the nature and scope of this defendant's acts, the Court hereby orders that the defendant's sentences are to be served in the following manner: . . . Count 5, the sentence of twenty-five years shall run consecutive to Count 4 sentence of twenty-five years.

The record further reflects that Defendant did not cross-examine the victim at the sentencing hearing and that Defendant's statement to the court at the conclusion of the sentencing hearing failed

6

to dispute any testimony by the victim which would have been applicable to the issue of consecutive sentencing. In addition, Defendant does not point to any other part of the record that disputes the proof related to consecutive sentencing. Instead, Defendant argues that the trial court did not make "findings of fact to support application of Tennessee Code Annotated section 40-35-115(b)(5) and that the trial court did not consider the extent of residual, physical, and mental damage to the victim as required by that statute."

While the trial court did not specifically state its findings concerning the residual, physical, and mental damage to the victim, the court did find that all of the other factors in Tennessee Code Annotated section 40-35-115(b)(5) weighed in favor of consecutive sentencing. Furthermore, the victim's statement that she had been going to counseling for one year at the time of sentencing, and expected to continue such counseling for an extended period, was uncontradicted by the record. Also uncontradicted were the findings that the undetected sexual activity had occurred over several years and that the Defendant had violated a position of private trust in abusing his stepdaughter. The record further reflects that Defendant forced the victim to have oral sex or sexual intercourse with him on numerous occasions and that he committed anal penetration at least one time. The victim testified that, at one point, the sexual abuse occurred almost every other day. These facts were likewise uncontradicted. Accordingly, we find that the trial court appropriately applied Tennessee Code Annotated section 40-35-115(b)(5). Defendant is not entitled to relief on this issue.

## CONCLUSION

For the foregoing reasons, the judgments of the trial court in Jefferson County Case No. 6975 and Sevier County Case No. 8161 are AFFIRMED.

_____
THOMAS T. WOODALL, JUDGE