# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 12, 2003

## STATE OF TENNESSEE v. BOBBY EARL FERRELL, JR.

**Appeal from the Circuit Court for Bedford County**
**No. 15017     Lee Russell, Judge**

---

**No. M2002-01295-CCA-R3-CD - Filed February 26, 2003**

---

The defendant, Bobby Earl Ferrell, Jr., appeals as of right the sentences imposed by the Bedford County Circuit Court following the defendant's guilty pleas to aggravated burglary, a Class C felony, and theft of property valued between $1,000 and $10,000, a Class D felony. He contends that the trial court should not have ordered him to serve his effective four-year sentence consecutively to a prior Rutherford County sentence. We affirm the sentences imposed by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Donna Leigh Hargrove, District Public Defender, and Andrew Jackson Dearing, III, Assistant Public Defender, for the appellant, Bobby Earl Ferrell, Jr.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William Michael McCown, District Attorney General; and Michael David Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

According to the state's factual summary presented at the submission hearing, the defendant along with codefendants Joshua and April Kulbacki broke into a Bedford County home on February 27, 2000, and stole over $1,000 worth of personal property. The trio had also broken into homes in Rutherford County on February 24 and 27, 2000, and March 5, 2000. As a result of the Rutherford County offenses, the defendant was convicted of five counts of aggravated burglary, four counts of theft of property valued between $1,000 and $10,000, and two counts of theft of property valued over $500. For the Rutherford County convictions, he received an effective six-year sentence with one year to be served in confinement and the remainder on probation.

At the sentencing hearing, the twenty-year-old defendant presented evidence of how his attitude had changed for the better while he had been in jail for the Rutherford County convictions. He testified about his love for his infant daughter who had been born while he was in jail and said that he regretted making bad decisions because he had deprived his daughter of a father. He aided law enforcement by showing them the homes where the offenses occurred, giving the names of his codefendants, and making a statement about his involvement in the offenses. He acknowledged that he committed the present offenses and the Rutherford County break-ins while on probation for a misdemeanor reckless endangerment conviction. Laurie Ann Johnson, the defendant's aunt, testified that the defendant had a job and a place to stay waiting for him upon his release from jail.

The trial court sentenced the defendant as a Range I, standard offender to four years for the aggravated burglary conviction and three years for the theft conviction to be served concurrently. It ordered that this sentence be served consecutively to his Rutherford County sentences, finding that he had an extensive record of criminal activity and that he had committed the offenses while on probation. See Tenn. Code Ann. § 40-35-115(b)(2), (6). The presentence report reveals that between the ages of twelve and eighteen, the defendant was found delinquent for conduct that for an adult would be misdemeanor reckless endangerment, two counts of theft of property valued under $500, aggravated burglary, joyriding, theft of property valued between $10,000 to $60,000, and arson. Additionally, the defendant has eleven convictions stemming from the Rutherford County break-ins. The report states that the defendant violated probation as a juvenile at least three times.

The defendant contends that he deserved to have his Bedford County sentences run concurrently with his Rutherford County sentences because the Bedford County offenses occurred on the same day as some of the Rutherford County offenses and because of the positive evidence he produced at the sentencing hearing. Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. §§ 40-35-401(d), -402(d). As the Sentencing Commission Comments to these sections note, the burden is now on the appealing party to show that the sentencing is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

We hold that the record supports both of the trial court's bases for imposing consecutive sentences. See Tenn. Code Ann. § 40-35-115(b)(2), (6). Consecutive sentences are not rendered inappropriate simply because the criminal acts occurred on the same day. State v. Tadaryl Darnell Shipp, No. E1999-01500-CCA-R3-CD, Knox County, slip op. at 6 (Tenn. Crim. App. Mar. 21, 2000); see Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). Based upon the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, JUDGE