# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1997 SESSION

FILED

February 4, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 02C01-9611-CC-00419 |
| | ) | |
| v. | ) | Hardeman County |
| | ) | |
| ERIC MCKINNIE, | ) | Hon. Jon Kerry Blackwood, Judge |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:

DAVID H. CRICHTON
P.O. Box 651
Bolivar, TN 38008

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

DEBORAH A. TULLIS
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

ELIZABETH T. RICE
Dist. Attorney General
302 Market Street
Somerville, TN 38068

JERRY NORWOOD
Asst. District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED: _____

**AFFIRMED PURSUANT TO RULE 20**

**CURWOOD WITT, JUDGE**

## OPINION

The defendant, Eric McKinnie, appeals the sentencing determination of the Hardeman County Circuit Court. After a jury convicted the defendant of aggravated robbery, a Class B felony, the trial court sentenced the defendant as a standard offender to a nine-year term of incarceration. We affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

The defendant and a co-defendant robbed the Whiteville Amoco station of $900.00. Both the defendant and the co-defendant wore masks and pointed guns at the clerk. The defendant's prior criminal record included convictions in 1995 for simple assault, in 1993 for possession of a controlled substance and evading arrest, and for various traffic violations.

The trial court relied upon the defendant's previous history of criminal convictions or criminal behavior in addition to those necessary to establish the range in enhancing the sentence from the minimum of eight years to nine years. See Tenn. Code Ann. § 40-35-114(1) (1997). The defendant's single complaint on appeal is that the nine-year sentence is excessive.

The record of the defendant's prior criminal history and behavior, not controverted at the sentencing hearing and admitted by the defendant in his brief, adequately supports the trial court's sentence enhancement of one year, especially in view of the trial court's discretion in weighing any enhancement and mitigating factors. Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments (1997); State v. Hayes, 899 S.W.2d 175, 185 (Tenn. Crim. App. 1995). If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported in the record, this court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The judgment of the trial court is affirmed. Tenn. Ct.

2

Crim. App. R. 20.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
JERRY L. SMITH, JUDGE