# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

**STATE OF TENNESSEE v. DANNY J. C. KING**

**Appeal from the Circuit Court for Marshall County**
**No. 13-CR-140      Judge Forest Durard**

---

**No. M2014-00562-CCA-R3-CD - Filed November 7, 2014**

---

This matter is before the Court upon the State's motion to affirm the judgments of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. Appellant, Danny J. C. King, has appealed the Marshall County Circuit Court order denying Appellant's request for alternative sentencing. Upon a review of the record in this case, we are persuaded that the trial court did not err in denying alternative sentencing. The State's request meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court**
**Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J. and TIMOTHY L. EASTER, J. joined.

Robert E. Cooper, Jr., Attorney General & Reporter, and Sophia S. Lee, Senior Counsel; Robert Carter, District Attorney General; Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

Donna Orr Hargrove, District Public Defender; Michael J. Collins, Assistant District Public Defender, Shelbyville, Tennessee, for the appellant.

## MEMORANDUM OPINION

Appellant pleaded guilty to two counts of Prescription Fraud. Pursuant to the plea agreement, Appellant was sentenced to three years on each count, with the sentences ordered to be served concurrently with each other, but consecutively to any other unexpired sentences. The plea agreement allowed Appellant to apply for alternative sentencing.

The factual basis for the plea established that Appellant on two separate occasions on October 15, 2013, went to H&S Pharmacy in Lewisburg and presented prescriptions purportedly written by a nurse practitioner from Bear Creek Medical Center (Bear Creek) in Columbia. The first prescription was for 120 Lortab. When Appellant presented a second prescription for 60 Adderall, the pharmacist became suspicious and contacted the nurse practitioner who, at the time, worked in Marshall County. The pharmacist discovered that Bear Creek had been closed since March 2013, that the nurse practitioner did not write the prescriptions, and that a prescription pad had been stolen from Bear Creek. The pharmacist contacted the Marshall County Drug Task Force, who advised the pharmacist to tell Appellant that the prescription would be ready for pick up later. When Appellant and two females returned to pick up the prescription, he was arrested. He told the officers he found the prescription pad on the side of the road. When pressed, Appellant refused to say who gave him the pad or who wrote out the prescriptions. Appellant told the officers that the 120 Lortabs purchased earlier in the day "were all gone." He told the officers he gave them away. The officers were given permission to search the vehicle by the owner. They found a total of 68 Lortab, 21 in one ZipLoc bag, 17 in another ZipLoc bag, and 30 in a cellophane wrapper.

The sentencing hearing was held on March 5, 2014. The Presentence Investigation Report (Exhibit 1) noted that Appellant had seven prior misdemeanor convictions and three probation revocations.

Appellant testified at the sentencing hearing that he had a drug and alcohol problem. He stated he has been diagnosed as bi-polar, ADHD and ADD. He also claimed he suffers from post-traumatic stress disorder. Appellant stated that if granted an alternative sentence, he would seek treatment in a rehabilitation facility. He said the Marshall County Jail did not offer treatment for addiction. He acknowledged that he had not sought rehabilitation previously and that he had not been involved in Narcotics Anonymous or Alcoholics Anonymous, even though both programs were offered at the jail. On cross-examination, Appellant refused to name the person who gave him the prescription pad or name the person who wrote the prescriptions.

In denying alternative sentencing, the trial court gave great weight to Appellant's extensive misdemeanor record and numerous violations of probation.

ANALYSIS

Tennessee Code Annotated section 40-35-102 sets forth the purpose and intent of the Tennessee Criminal Sentencing Reform Act of 1989. Appellant pleaded to two Class D felonies and was sentenced as a Range I, Standard Offender. Therefore, under subsection

102(6)(A), Appellant "should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tennessee Code Annotated section 40-35-103(1) sets out the considerations for sentences involving confinement. Listed considerations include protecting "society by restraining a defendant who has a long history of criminal conduct" and denying alternative sentencing when "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant ... ." Tenn. Code Ann. § 40-35-103(1)(A) & (C). The trial court placed great weight on these two considerations.

In explaining the appropriate appellate review of sentencing by the trial court, our Supreme Court stated:

> If our review "reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result." *State v. Pike*, 978 S.W.2d 904, 926-27 (Tenn.1998); *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

State v. Hooper, 29 S.W.3d 1, 4-5 (Tenn. 2000). Moreover, our Supreme Court has concluded that the abuse of discretion with a presumption of reasonableness standard in State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012), applies to "questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012).

We find the trial court followed the statutory sentencing procedure and properly weighed the factors and principles in denying alternative sentencing. The trial court did not abuse its discretion.

## CONCLUSION

Rule 20, Rules of the Court of Criminal Appeals provides *inter alia*:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

(1)(a)The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge, ...
and
(2) No error of law requiring a reversal of the judgment or action is apparent on the record... .

We determine that this case meets the criteria of the above-quoted rule and, therefore, grant the State's motion filed under Rule 20. We affirm the judgments of the trial court in denying alternative sentencing.

_____
ROBERT L. HOLLOWAY, JR., JUDGE