IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2003

## STATE OF TENNESSEE v. WILLIAM RHEA JACKSON

**Appeal from the Criminal Court for Davidson County**
**No. 2000-D-2190      Steve R. Dozier, Judge**

---

**No. M2002-02567-CCA-R3-CD - Filed April 11, 2003**

---

The defendant, William Rhea Jackson, pled guilty in the Davidson County Criminal Court to aggravated assault and aggravated burglary, Class C felonies, and the trial court sentenced him as a Range I, standard offender to consecutive sentences of six and five years, respectively. The trial court also ordered that the defendant serve his effective eleven-year sentence consecutive to an effective thirty-four-year sentence that he received for offenses committed five days before the current crimes. He appeals, claiming that his sentences are excessive. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Ross E. Alderman, District Public Defender; Jeffrey A. DeVasher, Assistant District Public Defender (on appeal); and Robert David Baker, Assistant District Public Defender (at trial), for the appellant, William Rhea Jackson.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; Renee Ruth Erb, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case relates to the defendant's breaking into the apartment of Jerry Chapman and assaulting the victim, Mr. Chapman's sixteen-year-old daughter. At the guilty plea hearing, the state presented the following factual account of the crimes: On September 14, 2000, the victim came home from school and went into her bedroom. She heard the family dog barking, walked into the hallway, and saw the defendant, who was carrying a crowbar and wearing a sock over each hand and a rag around his face. The defendant assaulted the victim with the crowbar and pushed her onto the floor. As the victim and the defendant fought, the dog started biting the defendant. The victim's

father, who worked for the apartment complex, heard a commotion in the apartment and went to investigate. As he approached his home, he saw the defendant chase the victim outside. Mr. Chapman ran after the defendant, and Mr. Chapman and the police captured him.

At the sentencing hearing, Darlene Chapman, the victim's mother, testified that she was at work when the defendant broke into her family's apartment. When she returned home, she found the victim with a neighbor. The victim's face was bleeding, and the victim was hysterical. As a result of the crimes, Mrs. Chapman, her husband, and the victim went through counseling. She said her daughter had nightmares, did not date, did not like to be alone, and only went out with groups of adults. She said that the crimes had made her family closer but that people should not have to feel unsafe in their homes. She said that she thanked God everyday that the victim had the strength to fight off the defendant. She stated that the defendant deserved the maximum sentence.

According to the presentence report, the then thirty-seven-year-old defendant dropped out of high school in the tenth grade and did not obtain his GED. The report reflects that the defendant stated that he was diagnosed with hepatitis B in 1999, suffered from a stomach ulcer, and had an eye that was permanently swollen due to a 1992 car accident. He said he drank alcohol daily and used marijuana from age eighteen until his arrest. He said he began using cocaine when he was twenty-one years old and had smoked crack every other day for the past ten years. The defendant also reported that he had been attending Alcoholics Anonymous and Narcotics Anonymous once a week since he was incarcerated.

According to the report, the defendant has three prior convictions for evading arrest, eight prior convictions for driving on a revoked or suspended license, and prior misdemeanor convictions for assault, attempting to commit a felony, indecent exposure, and larceny. The report reflects that the trial court revoked the probation that had been ordered for the defendant's larceny conviction. In addition to these fifteen convictions, the report shows that eight months before the defendant pled guilty in the present case, a Davidson County Criminal Court jury convicted him of aggravated burglary, robbery, misdemeanor theft, two counts of aggravated rape, attempted rape, and aggravated kidnapping for which he received an effective thirty-four-year sentence. The report reflects that these convictions resulted from the defendant's breaking into the home of an eighty-two-year-old woman five days before he broke into the Chapmans' apartment. According to the report, the defendant tried to force the elderly victim to perform oral sex on him, tied her up with her clothing, and penetrated her rectum with his finger. The report also states that the defendant stole the victim's car and other personal property and that the victim suffered injuries to her ribs, wrist, and ankle.

The trial court stated that it had considered the presentence report and the testimony at a recent suppression hearing. It determined that the following enhancement factors applied to the defendant's sentences:

> (1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;

. . . ;

(8) The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; [and]

. . . ;

(11) The felony resulted in death or bodily injury or involved the threat of death or bodily injury to another person and the defendant has previously been convicted of a felony that resulted in death or bodily injury[.]

Tenn. Code Ann. § 40-35-114(1), (8), (11) (Supp. 2001) (amended 2002).[1] In addition, the trial court determined that enhancement factor (9), that the defendant possessed a deadly weapon during the commission of the offense, applied to his sentence for aggravated burglary. See Tenn. Code Ann. § 40-35-114(9) (Supp. 2001) (amended 2002). Although the defense had argued that the defendant's pleading guilty and sparing the witnesses from having to testify should mitigate his sentences pursuant to Tenn. Code Ann. § 40-35-113(13), the trial court refused to apply that factor, stating, "I don't think I can consider it . . . just standing up and saying that I'm guilty is [not] a mitigating factor." The trial court sentenced the defendant to six years for the aggravated assault conviction and five years for the aggravated burglary conviction. It also ordered that the defendant's extensive criminal history justified his serving his sentences consecutively to each other and to his thirty-four-year sentence.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). As the Sentencing Commission Comments to this section note, the burden is now on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The defendant claims that the trial court improperly applied enhancement factor (11), that the felony resulted in death or bodily injury or the threat of death or bodily injury to another person and the defendant has previously been convicted of a felony that resulted in death or bodily injury, because the state failed to prove that he has been convicted of a prior felony that resulted in death or bodily injury. In addition, he contends that the trial court erred by refusing to mitigate his

---

[1]The legislature's 2002 amendment to Tenn. Code Ann. § 40-35-114 added as the new enhancement factor (1) that the "offense was an act of terrorism" but changed the existing enhancement factors only in increasing their designating number by one.

sentences for his guilty plea pursuant to Tenn. Code Ann. § 40-35-113(13). Finally, he claims that his criminal history is not extensive enough to justify consecutive sentencing. See Tenn. Code Ann. § 40-35-115(b)(2). The state claims that the trial court properly sentenced the defendant.

Initially, we note that during the defendant's sentencing hearing, the trial court stated that it was taking judicial notice of his six convictions from his earlier trial. However, since the hearing, the defendant has appealed those convictions, and this court reversed his aggravated rape and robbery convictions on the basis that the trial court failed to charge the jury on lesser included offenses. See State v. William Rhea Jackson, No. M2002-00762-CCA-R3-CD, Davidson County (Tenn. Crim. App. Mar. 27, 2003). Thus, three of the prior felony convictions that the trial court considered for sentencing in this case are void. Nevertheless, we believe the trial court properly sentenced the defendant.

The defendant claims that enhancement factor (11) does not apply because the state failed to prove that he was previously convicted of a felony that involved bodily injury. The trial court did not state on the record why it found enhancement factor (11) applicable. However, the presentence report states that as a result of the defendant's attack on the eighty-two-year-old victim, the victim suffered injuries to her ribs, wrist, and ankle. Although the defendant's aggravated rape and robbery convictions in that case have been reversed, his felony convictions for aggravated burglary, attempted rape, and aggravated kidnapping stand. Thus, the evidence reflects that the defendant has previously been convicted of a felony that resulted in bodily injury, and the trial court properly applied enhancement factor (11) to his sentences. Cf. State v. Perdido Cook, No. W2001-00381-CCA-R3-CD, Shelby County, slip op. at 9 (Tenn. Crim. App. Jan. 9, 2002), app. denied (Tenn. May 28, 2002) (trial court erroneously applied enhancement factor (11) when defendant's prior criminal history included weapons convictions and convictions for aggravated assault, unlawful possession of an intoxicant, reckless driving, public intoxication, and contempt of court but nothing in the record suggested that his past crimes resulted in bodily injury).

Regarding the defendant's claim that his guilty plea should mitigate his sentences, we note that trial courts have applied this mitigating factor to a defendant's sentence under the catch-all provision in Tenn. Code Ann. § 40-35-113(13). See, e.g., State v. Jernigan, 929 S.W.2d 391, 396 (Tenn. Crim. App. 1996) (defendant's pleading guilty and sparing the victims and their families from having to go to trial mitigated his sentence); State v. William Ricky Wayne Herrell, No. M1999-02475-CCA-R3-CD, Montgomery County (Tenn. Crim. App. June 23, 2000) (trial court credited the defendant for avoiding the expense and necessity of trial by pleading guilty). However, as noted in the state's brief, this court has held that a defendant's guilty plea does not automatically entitle him to mitigation and that the "trial court is in a much better position than this Court to determine whether, given all of the circumstances, a decision to plead guilty instead of proceed to trial should be considered mitigating." State v. Jeffrey English, No. M1999-02495-CCA-R3-CD, Williamson County, slip op. at 4 (Tenn. Crim. App. Nov. 22, 2000), app. denied (Tenn. Apr. 9, 2001). In this case, the trial court determined that the defendant's merely pleading guilty was not enough to justify mitigating his sentence, and we do not believe that the trial court erred by refusing to apply that

factor. In any event, in light of the defendant's prior criminal convictions and extensive drug use, we conclude that the trial court's application of that factor would not have reduced his sentences.

Finally, the defendant claims that his criminal history is not extensive enough to justify consecutive sentences under Tenn. Code Ann. § 40-35-115(b)(2). However, the record reflects that the defendant has been convicted of sixteen misdemeanors since he was nineteen years old. In addition, he has been convicted of aggravated burglary, aggravated kidnapping, and attempted rape. We conclude that the defendant's prior convictions, combined with his extensive drug use, demonstrates an extensive criminal history that justifies consecutive sentencing.

Based upon the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, JUDGE