IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 8, 2005

## STATE OF TENNESSEE v. SANTITA MAKEVA SUTTON

**Appeal from the Circuit Court for Bedford County**
**Nos. 15527, 15528 & 15529    Charles Lee, Judge**

————————

**No. M2004-02200-CCA-R3-CD - Filed April 21, 2005**

————————

The defendant, Santita Makeva Sutton, pled guilty in the Bedford County Circuit Court to two counts of sale of one-half gram or more of cocaine, a Class B felony, possession with intent to sell one-half gram or more of cocaine, a Class B felony, possession of a weapon by a convicted felon, a Class E felony, and simple possession of a schedule VI controlled substance, a Class A misdemeanor. The trial court sentenced her to eight years for each Class B felony conviction, one year for the Class E felony conviction, and eleven months and twenty-nine days for the Class A misdemeanor conviction. The court ordered two of the three Class B felony convictions, the Class E felony conviction, and the Class A misdemeanor conviction to run concurrently with each other but consecutively to the other Class B felony conviction for an effective total sentence of sixteen years in the Department of Correction. The defendant appeals, claiming the trial court erred in denying her alternative sentencing under state law and the rule announced in Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004). We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Donna Leigh Hargrove, District Public Defender, and Andrew Jackson Dearing, III, Assistant Public Defender, for the appellant, Santita Makeva Sutton.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Senior Counsel; William Michael McCown, District Attorney General; and Ann L. Filer and Michael David Randles, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

This case relates to the defendant's using, possessing, and selling cocaine. At the plea acceptance hearing, the state proffered the following facts illustrative of the defendant's guilt:

[W]hen Ms. Sutton entered the residence, a black male had control of the crack cocaine. He handed to Ms. Sutton a quantity of suspected crack cocaine which [she] ultimately gave to the confidential informant in exchange for the $100 in prerecorded confidential funds.

After the transaction . . . the confidential informant did identify Makeva Sutton . . . this defendant.

The following day . . . the CI then handed Ms. Sutton $100 and Ms. Sutton handed several pieces of crack cocaine to the confidential informant. The CI then left and went to the predetermined location where she was debriefed.

Finally on November 14, 2003, the agents had obtained warrants on Ms. Sutton for these previously described transactions and went to 517 Oak Street in order to attempt to serve those warrants. Upon arrival at 517 Oak Street there were two females observed standing in the front yard of that residence. One of those was identified . . . as being Ms. Sutton. . . . During the search [of the residence], a 22 caliber pistol was located along with a nylon holster in the closet of the [defendant's] bedroom.

At the sentencing hearing, Laura Prosser testified that she prepared a presentence report on the defendant and that her investigation revealed the defendant had an extensive criminal background. She said the defendant had numerous misdemeanor convictions for traffic offenses, failure to appear, and possession of drug paraphernalia. Additionally, she said the defendant had felony convictions for felony failure to appear, forgery up to $1,000.00, and possession of schedule II drugs with intent to sell. She said the defendant was on parole from her prior felony conviction for possession of schedule II drugs with intent to sell when the instant offenses occurred.

Seventeenth Judicial Drug Task Force Agent Timothy Miller testified that he was involved in the investigation and arrest of the defendant. Agent Miller's testimony was duplicative of that proffered by the state at the plea acceptance hearing.

Timothy Lane testified that he is the director of the 17th Judicial District Drug Task Force and had been involved in law enforcement for twenty-two years. He said that as the director of the task force, he is very familiar with illegal drug activity in Bedford County. He said that crack cocaine is the primary drug problem in the 17th Judicial District. Director Lane testified that in his opinion, sentences of incarceration for drug traffickers are of paramount importance in attempting to control the flow of illegal drugs. He said that when traffickers receive sentences involving release into the community, they often become repeat offenders. He said sentencing traffickers to incarceration rather than probation or community corrections sends an important message to other traffickers–that they are facing incarceration if they continue selling drugs.

The defendant testified that at the time of the hearing she was thirty-two years old with three children, ages 13, 11, and 9. She said she dropped out of high school in the eleventh grade because she was pregnant. She said that she had been addicted to crack cocaine since 1994 but that she has not sought treatment. She said she has tried to stop using crack cocaine to no avail. She said she needs help in order to stop using crack cocaine. She said that because of crack cocaine, she had lost everything in her life that was good, including her two daughters, her job, and her home. She said that if the trial court would grant her alternative sentencing, she would "go to drug programs; try to get into a drug rehab for a lengthy period of time."

Thomas Sutton testified that he is the defendant's father. He said that since his daughter had been incarcerated awaiting trial, he had seen a major change in her. He said his daughter had "given herself to God" while awaiting trial. He said this was quite different from what he had seen in the past, and he asked the trial court to give his daughter a break. He said his daughter needed help for her addiction to crack cocaine.

At the conclusion of the testimony, the trial court found that the defendant was not an appropriate candidate for alternative sentencing. It stated that measures less restrictive than confinement had frequently, recently, and unsuccessfully been applied to the defendant. It then ordered the defendant to serve her sixteen-year sentence as a Range I, standard offender in the Department of Correction.

The defendant contends that the trial court erred in not granting her alternative sentencing. She argues that under T.C.A. § 40-35-102(5), (6), she is presumed to be a favorable candidate for alternative sentencing and that the state failed to overcome the presumption, thereby justifying a sentence of incarceration. The defendant also contends that the Supreme Court's opinion in Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), prohibits a trial court from finding facts to overcome the statutory presumption of alternative sentencing. The state contends that the defendant does not meet the requirements entitling her to the presumption that she is a favorable candidate for alternative sentencing. The state concedes the defendant is, however, eligible for alternative sentencing, but it argues that the trial court's ordering the defendant to serve her sentence in the Department of Correction was proper. We note that the state has failed to address the defendant's Blakely argument.

When a defendant appeals the manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). However, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. T.C.A. § 40-35-401(d), Sentencing Commission Comments. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing

-3-

under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred.  State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

When determining if incarceration is appropriate, a trial court should consider whether (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant.  Ashby, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)).  Additionally, a trial court should consider a defendant's potential or lack of potential for rehabilitation.  T.C.A. § 40-35-103(5).

T.C.A. § 40-35-102 provides, in pertinent part,

> (5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration; and
> (6) A defendant who does not fall within the parameters of subdivision (5) and who is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.

We note that the defendant does not qualify for the presumption listed in T.C.A. § 40-35-102(6) because she was convicted of three Class B felony offenses.  While the defendant was eligible for probation, under T.C.A § 40-35-303, it was her obligation to demonstrate that she was a suitable candidate for probation.  We conclude the record does not reflect that the defendant met this burden. In denying the defendant alternative sentencing, the trial court found that measures less restrictive than confinement had frequently and recently been applied unsuccessfully to the defendant.  See Ashby, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)).  The defendant is not entitled to relief on this issue.

The defendant also asserts that the trial court violated her constitutional right to trial by jury when it found certain facts necessary to impose a sentence of incarceration which were not found by a jury beyond a reasonable doubt or admitted by the defendant.  Blakely specifies that other than prior convictions, any facts not reflected in the jury's verdict or admitted by the defendant used to increase a defendant's punishment above the presumptive sentence must be found by the jury, not the trial court.  542 U.S. at __, 124 S. Ct. at 2537.  In this regard, because the defendant did not qualify for a presumption of alternative sentencing under T.C.A. § 40-35-102, her Blakely argument

fails because the jury's verdict authorized a sentence of eight years incarceration for each Class B felony conviction without additional judicial fact-finding.

Based upon the foregoing and the record as a whole, we affirm the decision of the trial court denying the defendant alternative sentencing.

_____
JOSEPH M. TIPTON, JUDGE