IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 14, 2006

## STATE OF TENNESSEE v. DARRELL E. POINTER

**Direct Appeal from the Criminal Court for Davidson County
No. 2004-C-2237      Seth Norman, Judge**

---

**No. M2005-01743-CCA-R3-CD - Filed May 5, 2006**

---

The Defendant, Darrell E. Pointer, pled guilty to two counts of aggravated robbery, and the trial court sentenced him, as a Range III offender, to twenty years in prison for each count to be served consecutively. On appeal, the Defendant contends that the trial court erred when it imposed consecutive sentences. Finding that there exists no reversible error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Jeffrey A. DeVasher (on appeal) and Allegra Montgomery (at hearing), Nashville, Tennessee, for the appellant, Darrell Eugene Pointer.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Renee Erb, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

The Defendant pled guilty to two counts of aggravated robbery. At the guilty plea hearing the trial court informed the Defendant that he had been charged with eight counts of aggravated robbery, with a possible sentence of eight to thirty years on each count, and with aggravated assault, which carries a possible sentence of three to fifteen years. The State said that, had the case gone to trial, the evidence would prove:

> Speaking first to co-defendant case of Bill Potts and Darr[ell] Pointer. These co-defendants were involved in a series of aggravated robberies.

. . . .

Mr. Pointer is pleading guilty to count two and count six of the indictment. . . . [A]ll these matters occurred here in Davidson County during 2004.

. . . .

Mr. Pointer is pleading guilty to count two and count six, which is an episode that took place on May the 4th, the same count that Mr. Potts is pleading guilty to when they robbed Deborah Jemenaz of money by placing her into fear with a deadly weapon. . . .

The police became aware of a series of robberies and they ended up arresting Billy Potts for driving a vehicle that had been reported stolen. During the course of their contact with Mr. Potts he explained that he wanted to talk to the detective about several robberies that he had first-hand knowledge. Potts furnished details to a number of robberies, which he stated were committed by him and Darr[ell] Pointer.

Subsequently the officers interviewed Mr. Pointer and he admitted to committing the robberies, the ones that he's pleading guilty to. The police were also able to find fingerprints of his at the various locations. And as I say, both have made complete confessions.

Darr[ell] Pointer will plead to count two and six as stated before, he will take 20 [years] at 45 percent each. He is to have a sentencing hearing to decide whether or not his term should be consecutive or concurrent on those two 20 year sentences.

At a subsequent sentencing hearing, the Defendant testified that he was thirty-eight years old, and, prior to being incarcerated, he lived with his grandmother and helped take care of her. He said that before being arrested he was working for a temporary service where he went to jobs at warehouses doing general labor, and he had worked for that service for seven or eight years. The Defendant testified that he has two children, ages nineteen and eighteen, and he had graduated from high school. He was diagnosed "about five" years ago as suffering from depression and bipolar disorder and takes medication every day for these illnesses.

The Defendant admitted that he was addicted to crack cocaine and had been using the drug for seven or eight years, but he first started using illegal drugs when he was eighteen. The Defendant said that the crimes in which he was involved were his co-defendant's idea, and he went along with these crimes because of his crack addiction, and he used the proceeds of these robberies to purchase crack. The Defendant said that he has never received treatment for his addiction. He said that he felt sorry for what he had done.

-2-

The Defendant admitted that he had approximately six prior felony convictions and that he was typically under the influence of drugs when he committed those crimes. He admitted that he had previously been sentenced to probation and that he violated the terms of that probation.

On cross-examination, the Defendant agreed that it was not helpful to his grandmother when he engaged in criminal behavior. The Defendant recalled that when he committed these crimes he would walk into an establishment, order a meatball sandwich, and then show a gun and demand money, and he would take both the money and the sandwich when he left. The Defendant said that the longest period of time that he was not in trouble with the law was between 1996 or 1997 and 2002 while he was married. The Defendant estimated that he had been arrested approximately fifteen times. The Defendant said that he should not be given consecutive sentences because he is a "good-hearted person," and the crimes were the result of him being on drugs.

Based upon this evidence, the trial court found:

> I have looked at this record. As near as I can count [the Defendant] has six previous felony convictions, seven previous misdemeanor conviction[s]. I find at least three probation violations in the matter. And it appears to me in July of 2002 he received a three-year sentence, the actual disposition date was actually in January of '03, a three -year sentence. This offense occurred in June of '04, so obviously he was on some type of release at the time he committed this offense. Under Section 40-35-115 that would apply. He's a professional criminal and his record is extensive.
>
> Sentences will run consecutive one to the other.

It is from this order that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it imposed consecutive sentences because he "meets none of the criteria relied upon by the trial court to justify the imposition of consecutive sentences." Alternatively, he contends that a sentence of forty years is not the least severe measure necessary to achieve the purposes for which the sentences were imposed and is not reasonably related to the severity of the offenses committed.

When a defendant challenges the length, range or the manner of service of a sentence, it is the duty of this court to conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ross, 49 S.W.3d 833, 847 (Tenn. 2001); State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing a defendant or to the determinations made by the

trial court which are predicated upon uncontroverted facts. State v. Dean, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994). In conducting a de novo review of a sentence, we must consider: (a) any evidence received at the trial and/or sentencing hearing; (b) the presentence report; (c) the principles of sentencing; (d) the arguments of counsel relative to sentencing alternatives; (e) the nature and characteristics of the offense; (f) any mitigating or enhancement factors; (g) any statements made by the defendant on his or her own behalf; and (h) the defendant's potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. § 40-35-210 (2003); State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The party challenging a sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

In the case under submission, we conclude that there is ample evidence that the trial court considered the sentencing principles and all relevant facts and circumstances. Therefore, we review its decision de novo with a presumption of correctness. Accordingly, so long as the trial court complied with the purposes and procedures of the 1989 Sentencing Act and its findings are supported by the factual record, this Court may not disturb this sentence even if we would have preferred a different result. See Tenn. Code Ann. § 40-35-210, Sentencing Comm'n Cmts.; State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). We note that the defendant bears the burden of showing that the sentence is improper. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; Ashby, 823 S.W.2d at 169.

Pursuant to Tennessee Code Annotated section 40-35-115(a) (2003), if a defendant is convicted of more than one criminal offense, the court shall order the sentences to run either consecutively or concurrently. The trial court may order sentences to run consecutively if the court finds by a preponderance of the evidence any one of certain criteria enumerated in Tennessee Code Annotated section 40-35-115(b)(1)-(7). Three of those criteria are: (1) the defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood; (2) the defendant is an offender whose record of criminal activity is extensive; and (3) the defendant is sentenced for an offense committed while on probation. Tenn. Code Ann. § 40-35-115(b)(1), (2), & (6). This Court has previously held that the terms "probation" and "parole," although similar, were not synonymous for the purposes of section 40-35-115. State v. Frederick Parks, No. W1999-01357-CCA-R3-CD, 2000 WL 1672341, at *3 (Tenn. Crim. App., at Jackson, Oct. 27, 2000), *no perm. app. filed* (quoting State v. Pettus, 986 S.W.2d at 544). In addition to the specific criteria in Tennessee Code Annotated section 40-35-115(b), consecutive sentencing is guided by the general sentencing principles providing that the length of a sentence be "justly deserved in relation to the seriousness of the offense" and "no greater than that deserved for the offense committed." Tenn. Code Ann. §§ 40-35-102(1) and -103(2); State v. Imfeld, 70 S.W.3d 698, 707 (Tenn. 2002).

After reviewing the record, we conclude that the evidence does not preponderate against the trial court's finding that the Defendant's sentences should run consecutively. A finding of any one of the 40-35-115 factors can justify the imposition of consecutive sentences. The trial court did not

err when it found that Tennessee Code Annotated section 40-35-115(b)(2) applied. The Defendant's pre-sentence report and the testimony at the Defendant's sentencing hearing indicated that the Defendant has had at least thirteen prior convictions, including felonies and misdemeanors, dating back to 1984. Most recently, the Defendant was convicted in 2004 for theft and, prior to that, he was convicted in 2002 of felony aggravated assault, six separate misdemeanor theft convictions, and possession of drug paraphernalia. The Defendant has at least five other felony theft or burglary convictions, two misdemeanor theft convictions, three felony probation violations, a misdemeanor criminal impersonation conviction, a criminal trespass conviction, other drug convictions, and driving convictions. This is a sufficient basis for the trial court's determination that the Defendant was an offender whose record was extensive and for its imposition of consecutive sentences. Further, in our view, the aggregate sentence of forty years is reasonably related to the severity of these offenses. The Defendant is not entitled to relief on this issue.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the judgments of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

-5-