# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE
### Assigned on Briefs August 17, 2011

## STATE OF TENNESSEE v. TIMOTHY BRIAN MORTON

### Appeal from the Circuit Court for Marshall County
### No. 2010-CR-133    Robert G. Crigler, Judge

### No. M2011-00828-CCA-R3-CD - Filed October 18, 2011

The Defendant, Timothy Brian Morton, pled guilty to aggravated burglary, a Class C felony. See T.C.A. § 39-14-403 (2010).  He was sentenced as a Range I, standard offender to five years' confinement.  On appeal, he contends that the trial court imposed an excessive sentence.  We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JERRY L. SMITH, J., and DONALD P. HARRIS, SR. J., joined.

Donna Orr Hargrove, District Public Defender, and William J. Harold, Assistant District Public Defender, for the appellant, Timothy Brian Morton.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Chuck Crawford, District Attorney General; and William Bottoms, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case relates to a home invasion.  At the guilty plea hearing, the Defendant admitted that on August 31, 2010, he entered the home of  Connie Messick.  He agreed that he did not have consent to be in the home and that he picked the lock to gain entry.

At the sentencing hearing, Crystal Gray testified that she prepared the Defendant's presentence report.  She spoke with the victim and learned that the victim's eleven-year-old son had trouble sleeping after the burglary and that they attended therapy to resolve "problems after this burglary charge."  The victim also informed her that Percocet pills were missing from her purse after the burglary.

Ms. Gray testified that the Defendant had numerous misdemeanor convictions, including three convictions for possessing controlled substances in 2005 and 1999. She said the Defendant violated the terms of his probation twice and was on probation at the time of the burglary. She said that the Defendant admitted using crack cocaine weekly and being under the influence of alcohol and pills during the burglary but that he also claimed to have previously completed a court-ordered alcohol and drug treatment program. She said the Defendant claimed that he was in the victim's apartment during the burglary because he was searching for his girlfriend's son.

On cross-examination, Ms. Gray agreed that the victim did not know if the Defendant took the Percocet pills from her purse and that the Defendant was not charged with theft. She agreed the Defendant was convicted of driving with a revoked license in 2009 and possessing cocaine in 2005. She said that the Defendant had an infant child and that he was employed by Blalock Plumbing and Electric.

The Defendant testified that he was sorry for his actions and said he had learned from the experience. He said that he had a new job and that he was "trying to do better" because he had to care for a baby.

The trial court found that the following enhancement factors applied pursuant to Tennessee Code Annotated section 40-35-114: (1) the Defendant had a previous history of criminal convictions or criminal behavior, (8) the Defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community, and (13) at the time the felony was committed, the Defendant was released on probation. See T.C.A. § 40-35-114 (2010). The court found no mitigating factors applicable. In denying an alternative sentence, the trial court found that the Defendant had a long history of criminal conduct and that less restrictive measures than confinement had frequently or recently been applied unsuccessfully to the Defendant. He was sentenced as a Range I, standard offender to five years' confinement. This appeal followed.

The Defendant contends that his sentence is excessive because the court afforded undue weight to enhancement factors, he has no previous felony convictions, and an alternative sentence would allow him to contribute to society and preserve the state's "scant resources." The State contends that the trial court properly sentenced the Defendant after considering his long history of criminal offenses and probation violations. We agree with the State.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. §§ 40-35-401(d), -402(d) (2010). As the Sentencing Commission Comments to these sections note, the burden is now on the

appealing party to show that the sentencing is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "'the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" State v. Carter, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991)). In this respect, for the purpose of meaningful appellate review, the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994); see T.C.A. § 40-35-210(e) (2010).

Also, in conducting a de novo review, we must consider (1) any evidence received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee, (7) any statement that the defendant made on his own behalf, and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236 (Tenn. 1986).

In imposing a sentence within the appropriate range of punishment for the defendant:

> [T]he court shall consider, but is not bound by, the following advisory sentencing guidelines:
>
> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
>
> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of

mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210. From this, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Carter, 254 S.W.3d at 343 (quoting T.C.A. § 40-35-210(d)).

When determining if incarceration is appropriate, a trial court should consider if:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1) (2010); see also State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000).

Although the Defendant claims that the trial court erred by giving undue weight to enhancement factors, the 2005 amendments to the 1989 Sentencing Act "deleted as grounds for appeal a claim that the trial court did not weigh properly the enhancement and mitigating factors." Carter, 254 S.W.3d at 344. Although the Defendant does not have previous felony convictions, the record reflects that he has six misdemeanor convictions, that he regularly used crack cocaine despite completing a substance abuse program, that he twice violated the terms of probation, and that he was on probation at the time of this offense. The Defendant's long history of criminal conduct and failure to comply with measures less restrictive than confinement support the trial court's denial of alternative sentencing. See T.C.A. § 40-35-103(1). The record reflects that the trial court imposed a sentence within the applicable range that was consistent with the purposes and principles of the Sentencing Act. The Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE

-4-